**SIGNED THIS: September 3, 2014**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 14-70025 |
| PATRICK LONDRIGAN, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

# O P I N I O N

Before the Court is a Motion to Reconsider filed by Patrick Londrigan ("Debtor") seeking reconsideration of an order denying his Motion to Modify the Automatic Stay to allow him to continue state court litigation related to a debt which has been discharged. Because the Debtor has failed to establish that the Court's denial of the Motion to Modify the Automatic Stay was in error, the Motion to Reconsider will be denied.

## I. Factual and Procedural Background

The Debtor filed his voluntary petition under Chapter 7 on January 9, 2014. In his Statement of Financial Affairs filed with his petition, the Debtor disclosed his involvement in an arbitration proceeding designated as Morgan Stanley Smith Barney v. Patrick Londrigan, and noted that a judgment had been entered against him in the matter on December 13, 2013. On his Schedule F, the Debtor listed Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC (collectively "Morgan Stanley") as creditors with a breach of contract claim against him in the amount of $272,670.79. Subsequent filings clarify that the arbitration award was made in proceedings before the Financial Industry Regulatory Authority ("FINRA").

On June 19, 2014, the Debtor filed a Motion to Modify the Automatic Stay ("Motion to Modify") as to Morgan Stanley wherein the Debtor stated that he had appealed the FINRA arbitration award to the Sangamon County Circuit Court in an effort to set aside the arbitrators' findings and vacate the award. Due to the filing of this case, the state court proceeding had been stayed, but the Debtor wanted to resume his appeal of the FINRA award in state court. The Debtor claimed that pursuit of the appeal was necessary because, notwithstanding his anticipated discharge in this case, Morgan Stanley could still "apply" to have the Debtor's securities license revoked based on the arbitration award.

On June 24, 2014, the Debtor was issued his discharge. Morgan Stanley did not object to the issuance of the discharge and, prior to the filing of the Motion to

Modify, had not appeared or otherwise sought any relief in this case.

Morgan Stanley filed an Objection to the Debtor's Motion to Modify ("Objection"), stating that it does not have the ability to "apply" to have securities licenses revoked under the circumstances presented here and, in any event, under FINRA rules, a discharge in bankruptcy is a complete defense both to the non-payment of an arbitration award and to any potential license suspension related to the non-payment. Copies of FINRA documents confirming Morgan Stanley's summary of the effect of a bankruptcy discharge on FINRA awards were attached to the Objection. Morgan Stanley further asserted that, inasmuch as the Debtor has acknowledged that he seeks no monetary damages against Morgan Stanley, and because he has now received his discharge, the pursuit of the state court appeal would be "an exercise in futility for all concerned." Morgan Stanley argued that it was clear that the Debtor was not in danger of losing his license, that the Motion to Modify was without merit, and that there was "no discernible point to pursuing" the appeal. Finally, Morgan Stanley pointed out that because the Debtor had received his discharge, the Motion to Modify might more properly be considered as seeking relief from the discharge injunction rather than from the automatic stay.

At the hearing on the Motion to Modify, the Debtor's attorney conceded that the allegations in the Motion to Modify regarding the Debtor's securities license had been "rebutted" by Morgan Stanley's Objection and the FINRA documents attached to it. He also admitted that pursuit of the appeal might "seem moot" and acknowledged that a decision in the appeal would not impact any issue in this

case. He argued only that the Debtor believed that mistakes of law and fact had been made at the FINRA hearing and in the resulting award, and the Debtor wanted an opportunity to vindicate his position. Morgan Stanley's attorney reiterated that the Debtor's securities license was not in jeopardy, that Morgan Stanley had accepted that the Debtor had been discharged, and that its pursuit of the Debtor was forever barred by the discharge injunction. Morgan Stanley asserted that the only possible reason to continue the litigation would be to resolve a potential claim in this estate, but that matter would be heard in this court, and such continued litigation would occur only if assets are discovered for administration and Morgan Stanley files a claim.

Following the arguments of the parties, the Court denied the Motion to Modify, finding that the only grounds for relief stated in the Motion to Modify — the potential license suspension — had been admittedly rebutted by Morgan Stanley, and that the Debtor had suggested no other cause for relief from the automatic stay or the discharge injunction. A written Order denying the Motion to Modify was entered later that day.

The Debtor timely filed his Motion to Reconsider, asserting that, because his contractual and due process rights were violated by the FINRA decision, he is entitled to pursue an appeal in the state court. Further, the Debtor asserted that, by filing bankruptcy, he did not waive or relinquish his right to appeal. The Debtor claimed that because the FINRA rules provide that either an appeal to state court or a bankruptcy filing will stay collection of a FINRA award, this Court erred in finding that, because the Debtor had filed bankruptcy and obtained a discharge,

he could no longer pursue his appeal. The Debtor cited no authority in the Motion to Reconsider and affirmatively admitted that he had not been able to find any authority for his position.

Morgan Stanley filed an Objection, stating that the Motion to Reconsider is fatally flawed in that it fails to present either new law or new facts. Morgan Stanley reiterated that there are no unresolved claims issues, the Debtor's securities license is not in jeopardy, and there remain no justiciable issues for litigation. Accordingly, Morgan Stanley argues that the Debtor has still presented no grounds for relief from the automatic stay or from the discharge injunction.

The Debtor filed a Response to Morgan Stanley's Objection, claiming that "[a] citizen adjudicated bankrupt cannot be denied an appeal of a FINRA decision." Further, the Debtor asserted that the fact that he "was declared bankrupt does not address, much less prohibit, his statutory right to appeal FINRA's arbitration decision." The Debtor cites no authority for his arguments, but relies on the same FINRA documents previously submitted by Morgan Stanley. The FINRA documents confirm that FINRA gave notice to the Debtor that his "association with FINRA member firms" would be suspended for non-payment of the arbitration award unless the Debtor filed a timely motion to vacate or modify the award or filed bankruptcy. The Debtor argues that, because FINRA gave him a choice of options to avoid suspension, he is entitled to pursue both his appeal in state court and a bankruptcy discharge. He claims that the Court erred in finding that the bankruptcy discharge resulted in a permanent injunction which bars not only the continuation of the state court litigation by Morgan Stanley but also continuation

of the proceedings by the Debtor himself.

The Debtor's Response also included extensive information about the relationship between the Debtor and Morgan Stanley and arguments about the merits of the state court appeal. Attached to the Response were over sixty pages of documents, including a partial transcript from the FINRA hearing and the briefs filed in the state court appeal.

Morgan Stanley moved to strike the Debtor's Response, pointing out that the Local Rule 7.1(B)(3) of the Central District of Illinois prohibits the filing of replies to responses to motions absent leave of court. And Morgan Stanley complains that the Debtor has attempted through the Response to introduce new evidence not presented with the original Motion to Modify. Morgan Stanley requests that the Response and exhibits be stricken or, alternatively, that it be given an opportunity to file a surreply.

At the hearing on the Motion to Reconsider, the Debtor appeared by both his bankruptcy attorney and by the attorney representing him in the state court appeal. The attorneys argued that this Court erred in agreeing with Morgan Stanley that all issues involving the debtor/creditor relationship between Morgan Stanley and the Debtor were resolved by the entry of the Debtor's discharge and the resulting discharge injunction. They claimed that the Debtor has a constitutional right to be vindicated from what they believe was a faulty decision by the FINRA arbitrators and that, because the appeal was a separate and distinct proceeding from the bankruptcy, his bankruptcy discharge does not in any way limit the Debtor's ability to proceed in state court. They asserted that the Debtor

has not been able to find employment since the dispute began because Morgan Stanley and its affiliates refuse to do business with him. They argued that only a victory in the state court appeal will resolve those issues. The Debtor's attorneys also asserted that because the FINRA rules provide that either a motion to vacate an award filed in state court or a bankruptcy filing will stay collection of a FINRA award, and because the FINRA rules do not specifically say that the remedies are mutually exclusive, this Court erred in finding that the issuance of the discharge injunction precludes continuation of the state court appeal.

Under questioning from the Court, the Debtor's bankruptcy attorney acknowledged that the FINRA rules do not purport to control the effect of a bankruptcy discharge on appeal proceedings and, in fact, FINRA has no authority to promulgate rules which could purport to control or limit the effect of a bankruptcy discharge. Further, the bankruptcy attorney admitted that, notwithstanding the Debtor's request to be allowed to prosecute his appeal, the Debtor does not intend to waive his discharge, and he unequivocally acknowledged that the discharge injunction is in full force and effect and that the Debtor fully intends to assert the discharge injunction against Morgan Stanley.

With respect to Morgan Stanley's Motion to Strike, the Debtor's attorneys argued that it was simply a technical maneuver aimed at preventing the Debtor from raising important issues. Morgan Stanley's attorney argued that he expects the Debtor to appeal an adverse ruling on the Motion to Reconsider, and that his client should not have to address issues on appeal which were raised for the first time in the Debtor's Response to Morgan Stanley's Objection to the Motion to

Reconsider.

At the conclusion of the hearing, this Court stated that it would deny the Motion to Strike. Although Morgan Stanley correctly identified a violation by the Debtor of the Local Rules, this Court has not strictly enforced Local Rule 7.1(B)(3). In many consumer cases, it is helpful to have parties respond to objections and questions raised by other parties, and strict enforcement of the Local Rule would cause delay and raise costs in relatively small cases. Further, although much of what was attached to the Response was irrelevant to the issues at hand, at least some of the documents confirmed that the Debtor did, in fact, have notice long before he filed his Motion to Modify that his license and privileges were not going to be suspended by reason of his non-payment of the FINRA award. And the information confirmed that the underlying dispute between the Debtor and Morgan Stanley relates to issues involving Morgan Stanley's efforts to collect on a note rather than allegations of wrongdoing or misconduct by the Debtor. Further, the Response clarified that the state court appeal was brought pursuant to the Illinois Uniform Arbitration Act rather that the "Illinois securities laws" as had been alleged at the initial hearing on the Motion to Modify. Much of this information undercuts rather than supports the Debtor's position that the Court erred in denying the Motion to Modify and is properly considered by the Court in ruling on the Motion to Reconsider. A separate order denying the Motion to Strike has been entered.

This Court announced that it would also deny the Motion to Reconsider but would set forth the grounds for that denial in a written opinion and order.

## II. Jurisdiction

This Court has jurisdiction over the issues presented here pursuant to 28 U.S.C. §1334. Issues relating to motions to terminate, annul, or modify the automatic stay are core proceedings. 28 U.S.C. §157(b)(2)(G).

## III. Legal Analysis

The filing of a bankruptcy petition operates as an automatic stay of the commencement or continuation of legal actions or proceedings against a debtor. 11 U.S.C. §362(a). Specifically, the Code provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title[.]

11 U.S.C. §362(a)(1),(2).

Because the automatic stay is "applicable to all entities" and because certain acts are prohibited regardless of who is acting, it is clear that the automatic stay binds both creditors and debtors. *Id.* The automatic stay protects

both debtors and creditors because it provides debtors with a breathing spell upon filing and assures creditors that the estate assets will be preserved for an orderly liquidation. *See Moratzka v. Lanesboro State Bank et al. (In re Johnson)*, 8 B.R. 371, 374 (Bankr. D. Minn. 1981). Although it is unusual for debtors to complain of the constraints of the automatic stay and to seek relief from its protections, it is clear that debtors are bound by the stay and must seek relief from it if they want to proceed with litigation pending against them in another forum.[1] *See In re Eiseman*, 2013 WL 139262, at *2-3 (Bankr. E.D. Wis. Jan. 10, 2013).

Relief from stay in the form of termination, annulment, modification, or conditioning may be granted. 11 U.S.C. §362(d). Most frequently, secured creditors seek relief to recognize on their collateral when the creditor's interest in the collateral is not adequately protected or a debtor has no equity in the property and the property is not necessary for an effective reorganization. 11 U.S.C. §362(d)(1),(2). Parties in interest may obtain relief to proceed with litigation in another forum related to an unsecured claim against a debtor only "for cause." 11 U.S.C. §362(d)(1).

The term "for cause" as used in §362(d) is not defined in the Code and, accordingly, whether to grant stay relief "for cause" is determined by the specific facts of each case. *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 735

---

[1] The automatic stay does not bar continuation of actions commenced by a debtor pre-petition where the debtor is the original plaintiff or movant. *See Martin-Trigona v. Champion Federal Sav. and Loan Assoc.* 892 F.2d 575, 577 (7th Cir. 1989); *In re Bryner*, 425 B.R. 601, 608 (10th Cir. BAP 2010). This exception to the automatic stay is not relevant here because Morgan Stanley commenced the original action against the Debtor.

(7th Cir. 1991). According to the Seventh Circuit, factors to be considered in deciding whether to grant stay relief for cause include (1) the prejudice to the debtor or the bankruptcy estate from allowing the litigation to continue; (2) the relative hardship to the debtor and to the party seeking relief; and (3) the creditor's probability of prevailing on the merits in the litigation. *See id.*; *Matter of Udell*, 18 F.3d 403, 410 (7th Cir. 1994). Because the Seventh Circuit has listed factors to be considered but has not issued a rule of decision, other factors may also be considered in weighing whether cause for stay relief to pursue litigation in another forum has been established. *See In re Grogg*, 295 B.R. 297, 305 (Bankr. C.D. Ill. 2003) (Perkins, J.). The additional factors include, *inter alia*, the connection of the litigation to the bankruptcy case, whether a specialized tribunal with particular expertise has been established to hear the matter, whether insurance coverage is available, and whether there are interests of judicial economy to be served. *Id.* at n.6.

    Although the Motion to Modify provided virtually no information about the legal action that the Debtor wants to continue, subsequent filings disclosed that the case involves Morgan Stanley's efforts to collect on a note from the Debtor. The Debtor signed the note, which he claims was forgivable, when he began employment with Citi/Smith Barney. Morgan Stanley later acquired Citi/Smith Barney and is the Debtor's former employer and current holder of the note.

    The collection action was heard by FINRA arbitrators, and an award in favor of Morgan Stanley was made in December 2013 in the amount of $272,670.79. FINRA rules provide that motions to vacate awards — essentially appeals of

awards — may be made in federal or state court pursuant to the Federal Arbitration Act or applicable state law. *See* 9 U.S.C. §10. Here, the applicable state law is the Illinois Uniform Arbitration Act. *See* 710 ILCS 5/12. And notwithstanding the Debtor's attorney's claim at the hearing on the Motion to Modify that the Debtor was pursuing a matter under the "Illinois securities laws," the litigation which the Debtor wants to pursue was commenced by the Debtor filing his motion to vacate pursuant to the Illinois Uniform Arbitration Act.

The Motion to Modify claimed that the reason stay relief was necessary and the state court litigation should continue was because the Debtor expected that, even after his anticipated discharge was issued, Morgan Stanley "could apply to have the debtor's securities license revoked so that he would be unable to sell securities so a major harm could occur to the debtor." The Debtor never explained precisely what securities license he was referring to, and the FINRA documents submitted by both parties refer to FINRA's ability to suspend membership and association with FINRA rather than to suspend licenses when awards are unpaid. But this discrepancy is not material to the resolution of the issues here because the FINRA documents also clearly state that whatever its ability is to suspend privileges, membership, or licenses due to the non-payment of an award, that ability is stayed by the filing of a bankruptcy. And the FINRA documents submitted by both parties clearly establish that the Debtor had notice as early as January 2014 that his license or membership privileges would not be jeopardized if he filed bankruptcy and obtained a discharge.

Thus, when the Debtor filed his Motion to Modify in June 2014, there was

no basis in law or fact for him to claim that his "securities license" was in jeopardy. He and his lawyers knew that was not true. And at the hearing on the Motion to Modify, the Debtor's attorney admitted from the outset that his allegation regarding the Debtor's license had been rebutted. Interestingly, at the hearing on the Motion to Reconsider, the Debtor's state court attorney dismissed the whole issue of licensing by stating that, because the Debtor had been unable to find employment, he had let his license lapse. Although no date of the lapse was given, the import of the argument was an additional admission that there never really was any issue about the Debtor's license which should have been raised in the first place.

Absent the license issue, the Motion to Modify is devoid of any other allegations of "cause" that could support granting relief from the automatic stay. And as Morgan Stanley pointed out, because the Debtor's discharge was actually issued before the initial hearing, the Motion to Modify should be reviewed as seeking an exception to or relief from the discharge injunction rather than relief from the automatic stay.

The automatic stay is temporary and terminates in an individual Chapter 7 case, except as to certain acts against property of the estate, at the time "a discharge is granted or denied." 11 U.S.C. §362(c)(2)(C). But the protections of the automatic stay may be replaced by the protections of a discharge injunction. When a debtor has been granted a discharge, the effect of the discharge is to void pre-petition judgments to the extent of a debtor's personal liability and to serve as a permanent injunction against the continuation of collection actions.

-13-

Specifically, the Code provides:

(a) A discharge in a case under this title —

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. §524(a)(1),(2).

In considering whether to grant relief from a discharge injunction, it must first be noted that the Code contains no express provision allowing modification of a discharge injunction. *Matter of Hendrix*, 986 F.2d 195, 198 (7th Cir. 1993). But "any court that issues an injunction can modify it for good cause[.]" *Id.* Thus, the analysis is similar to that undertaken in considering whether to grant stay relief "for cause." And the result here is the same. The Debtor has failed to plead or prove good cause to be granted the unilateral relief from the discharge injunction he seeks.

Further, seeking relief from a discharge injunction is not unlike requesting relief from any other order. Relief from an order or judgment may be obtained by establishing the required statutory grounds which include mistake, inadvertence, surprise, excusable neglect, new evidence, and fraud. *See* Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024; *Hendrix*, 986 F.2d at 198-99 (relief from discharge

injunction may be allowed under Fed. R. Civ. P. 60(b)(5) to allow pursuit of claim only to the extent of insurance coverage); *In re Golladay*, 391 B.R. 417, 423 (Bankr. C.D. Ill. 2008) (debtor who desires to vacate discharge to enter into reaffirmation agreement must establish grounds under Fed. R. Bankr. P. 9024). Here, however, the Debtor has not asserted nor established any of the statutory grounds for relief.

The Debtor's discharge voids the FINRA award to the extent it represents a personal judgment against the Debtor. 11 U.S.C. §524(a)(1). And the discharge injunction prohibits Morgan Stanley's continuation of any collection activities related to the award. 11 U.S.C. §524(a)(2). Morgan Stanley has appeared twice by counsel and acknowledged its acceptance of this result. The Debtor does not claim that Morgan Stanley has taken or intends to take any action in violation of the automatic stay or the discharge injunction. To the contrary, it was Morgan Stanley — not the Debtor — that notified the state court of the pending bankruptcy case and the resulting automatic stay.

One purpose of the discharge injunction is to protect debtors from suits to collect discharged debts. *See Hendrix*, 986 F.2d at 199. Thus, if Morgan Stanley were seeking relief to pursue the Debtor after discharge, the requested relief would be summarily denied. This would be true even if Morgan Stanley argued, as the Debtor does here, that mistakes were made at the FINRA hearing, and that it should be allowed to proceed solely to vindicate its position. The debtor/creditor relationship between the Debtor and Morgan Stanley was fully resolved by the issuance of the Debtor's discharge and the resulting discharge injunction. There

is simply nothing left to litigate in state court.

The Debtor is not arguing that the discharge order was entered in error. To the contrary, the Debtor intends to assert the discharge injunction to prevent Morgan Stanley from taking any further action against him. He asks only for limited relief from the discharge order so that he can continue to litigate until he is vindicated or runs out of litigation options. All the while, he expects Morgan Stanley to abide by the discharge injunction and respect that it is enjoined from any meaningful participation in the continued litigation.

Clearly, the Debtor is sincere in his belief that he did not get a fair hearing before the FINRA arbitrators. He believes that he was wronged by Morgan Stanley both during his time as an employee and through Morgan Stanley's collection efforts against him. But for reasons which are not clear, he chose to file bankruptcy before he completed his appeal in state court. The Debtor obtained his discharge which voids the judgment against him as to his personal liability and creates a permanent injunction against Morgan Stanley from further pursuing collection from him. Morgan Stanley has acknowledged that the case they were prosecuting is over. Strangely, it is the Debtor who refuses to concede that he has come to the end of the line. But despite his protests, the Debtor must understand that his case with Morgan Stanley is over and, for all practical purposes, he has won. No reason, grounds, or cause exists to allow the Debtor to continue the Morgan Stanley litigation.

## IV. Conclusion

The Debtor filed a voluntary petition under Chapter 7 and, to his credit, complied with all requirements of the Code and Rules and was issued a discharge. The discharge order voids his personal liability to Morgan Stanley and serves as a permanent injunction prohibiting Morgan Stanley from collecting the FINRA award. The Debtor has established no cause nor any statutory grounds for modifying the automatic stay previously in effect or the discharge injunction now in effect. The denial of the Motion to Modify was not in error and, therefore, the Motion to Reconsider must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###